132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kyung Duk YIM, Petitioner,
Young Soo Yim, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 96-70978, Amz-bav-hcy, Aoc-qon-yob.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1997.**
Decided Dec. 18, 1997.
 
 Before: ALDISERT,*** D.W. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kyung Duk Yim and Young Soc Yim, sister and brother, and natives and citizens of South Korea, petition pro se for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from the immigration judge's (IJ) decision denying their applications for asylum and withholding of deportation, pursuant to 8 U.S.C. §§ 1158(i) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we affirm the BIA's dismissal.
 
 
 3
 The BIA's determination that an alien is ineligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). The BIA's decision to withhold deportation is also reviewed for substantial evidence. Mejia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.1997).
 
 
 4
 The BIA decided that the Yims are barred from establishing eligibility for asylum due to the fact that they were firmly resettled in Argentina prior to their arrival in the United States. An alien who has "firmly resettled" in another country after leaving his or her homeland is categorically ineligible for asylum in the United States. 8 C.F.R. § 208.14(d)(2); see also Yang v. INS, 79 F.3d 932, 939 (9th Cir.), cert. denied, 117 S.Ct. 83 (1996) (holding that regulation 208.14(d)(2) does not violate the letter or spirit of its enabling statute, 8 U.S.C. § 1158(a)). In the instant case, the record contains considerable evidence of firm resettlement. Kyung Duk Yim testified that she and her family were permanent residents in Argentina; Young Soo Yim testified that the family owned and managed both a liquor store and a produce store in Argentina. There is no evidence in the record to support the finding that the Yims "did not establish significant ties in Argentina" or were "so substantially and consciously restricted" by Argentinian authorities that they were not in fact resettled. 8 C.F.R. § 1208.15.
 
 
 5
 Petitioners, however, maintain that the BIA's determination of ineligibility should be reversed because their father testified before the IJ that he and his family never obtained permanent residency or citizenship in Argentina. We reject petitioners' argument. Petitioners' father's uncorroborated statement conflicts with the testimony of his daughter, Kyung Duk Yim, who reported under oath that she and her family had been granted permanent residency in Argentina. On account of this material inconsistency, the BIA correctly decided not to rely on petitioners' father's uncorroborated statement in reaching its decision with respect to petitioners' firm resettlement. See Matter of Mogharrabi,, 19 I. & N. Dec. 439, 445 (BIA 1987) ("[T]he allowance for lack of corroborative evidence does not mean that 'unsupported statements must necessarily be accepted as true if they are inconsistent with the general account put forward by the applicant.' ") (citation omitted). Accordingly, we conclude that the BIA did not err in determining that the Yims had "firmly resettled" in Argentina. Because the Yims are therefore statutorily ineligible for asylum, it is not necessary for us to reach the merits of their asylum claim.
 
 
 6
 Notwithstanding our finding of firm resettlement, petitioners would still be eligible for withholding of deportation if they established that it is "more likely than not" that they would be persecuted upon return to Korea. 8 C.F.R. § 208.16(b). We agree with the BIA, however, that petitioners have not met their burden of proof with respect to their withholding of deportation claim. First, the record supports the BIA's finding that petitioners failed to establish a credible account of past persecution, which would have entitled them to a statutory presumption of future persecution upon return to Korea. See 8 C.F.R. § 208.16(b)(2). As the BIA noted, petitioners' initial asylum applications contained numerous perjured statements, and petitioners' current applications were both inconsistent and uncorroborated. Cf. Bolanos-Hernandez v. INS, 767 F.2d 1277, 1288 (9th Cir.1984) (holding that "[w]hen alien's testimony is unrefuted and credible ... direct corroboration of specific threats is unnecessary" to establish clear probability of persecution).
 
 
 7
 Moreover, the record generally does not support petitioners' claim that their lives or freedom would be threatened on account of political opinion if returned to Korea. The party presently in power in Korea, the Democratic Liberal Party, is the party petitioners' father supported while he was living in Korea. Although the current President is an enemy of Park Chul-un, with whom petitioners' father was aligned, the BIA correctly noted that there is no record evidence indicating that petitioners would be associated with Park Chul-un if returned to Korea. In short, there is no proof in the record that petitioners have been or would be punished for either communist involvement or other political activities offensive to the present regime. Having failed to show a clear probability of suffering persecution upon their return to Korea, petitioners' claim for withholding deportation must fail.
 
 
 8
 Finally, we conclude that the BIA did not err by determining that the Yims were statutorily ineligible for voluntary departure because of the false evidence they submitted to the IJ. A grant of voluntary departure is contingent upon a showing of "good moral character for at least five years preceding [the] application," 8 U.S.C. § 1254(e), and "one who has given false testimony for the purpose of obtaining benefits" under the Immigration and Nationality Act cannot be considered "a person of good moral character." 8 U.S.C. § 1101(f). Petitioners' admittedly false statements in their initial asylum applications, submitted less than a year before their current applications, barred them from being entitled to voluntary departure under 8 U.S.C. § 1254(e).
 
 
 9
 PETITION DENIED.
 
 
 
 **
 The panel unanimously find this case suitable for decision without oral argument. Fed. R.App., P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3